UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JEFFREY T. JONES,               )
                                )
                                )
    Plaintiff,                  )
                                )
    v.                          )        15-CV-3078
                                )
CITY OF LINCOLN, et al.,        )
                                )
    Defendants.                 )
                                )

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se while incarcerated in the IDOC. He has since been released on parole. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## Allegations

Plaintiff alleges that, on February 2, 2013, he was arrested without probable cause.  In particular, Plaintiff was at a bar late that evening when he had words with a woman.  The woman's boyfriend took umbrage and began harassing Plaintiff.  Plaintiff decided to leave the bar but first visited the restroom.  The woman's boyfriend followed Plaintiff into the restroom and allegedly attacked Plaintiff.  Plaintiff "turned and very briefly defended himself." (Complaint para. 8).  (Evidence that Plaintiff broke the boyfriend's cheeks, orbitals, and neck were allegedly false; these injuries were preexisting according to the boyfriend's medical records, Compl. para 45.)  According to Plaintiff, he and the boyfriend then reached a detente, and Plaintiff thought that was the end of the matter.

That was not the end of the matter.  The woman called police, who arrested Plaintiff based on false accounts by the woman and the boyfriend.  The officers allegedly knew that these witnesses were unreliable based on past dealings, but the officers conducted no further investigation, interviewed no other witnesses, and falsely represented evidence on the police reports.  The prosecutors allegedly failed to conduct any meaningful investigation and ignored

exculpatory evidence, relying instead on alleged perjured testimony and other false evidence to continue their prosecution of Plaintiff. Plaintiff's public and/or private defenders failed to render effective assistance of counsel and were allegedly in on the conspiracy to prosecute Plaintiff, along with the state court judge.

Plaintiff felt he had no choice but to plead guilty to the charge of aggravated battery in a public place of accommodation. The criminal docket reflects that Plaintiff pled guilty to aggravated battery in a public place and was sentenced to 3 ½ years. People v. Jones, 13-CF-46 (Logan County, judici.com)(last visited 8/6/15). According to the docket, Plaintiff appealed the case in May of 2015. Plaintiff alleges that this conviction is just another example of Defendants repeatedly arresting and prosecuting him without probable cause over the years.

## Analysis

A civil action is not the way to challenge the validity of a criminal conviction. Under the Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994), "a district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal

conviction or sentence." Helman v. Duhaime, 742 F.3d 760, 762 (7th Cir. 2014).  The Heck rule applies even though Plaintiff has now served his sentence.  Burd v. Sessler, 702 F.3d 429 (7th Cir. 2012)(Heck applied where former prisoner failed to pursue remedies for challenging conviction while in prison).

   This civil action attempts to do exactly what Heck bars: challenge the validity of Plaintiff's criminal conviction for aggravated battery.  If Plaintiff's allegations about false evidence, conspiracy, malicious prosecution and coercion are true, then his conviction should not stand.

   Even Plaintiff's claim for arrest without probable cause is barred by Heck, which often is not the case.  *See, e.g.,* Evans v. Poskon, 603 F.3d 362 (7th Cir. 2010)(excessive force in arrest claim not barred by Heck); Rollins v. Willett, 770 F.3d 575, 576 (7th Cir. 2014)(unreasonable seizure claim not barred by Heck).  The essential elements of the crime to which Plaintiff pled guilty—aggravated battery in a place of public accommodation—are the same as the elements of a simple battery:  "knowingly without legal justification by any means (1) caus[ing] bodily harm to an individual or (2) mak[ing] physical contact of an insulting or provoking nature

with an individual." 720 ILCS 5/12-3.05; 720 ILCS 5/12-3(a); People v. Murphy, 145 Ill.App.3d 813 (3rd Dist 1986)(a bar is a place of public accommodation). Plaintiff's guilty plea necessarily required him to admit to these elements. He now contends that he was innocent and his plea coerced. Only one version can be true, which is why Heck bars the claims in this case. *See* Holly v. Boudreau, 103 Fed.Appx. 36 (7th Cir. 2004)(not reported in Federal Reporter)(allegations in §1983 suit that false police report and ineffective assistance of counsel coerced guilty plea and would be barred by Heck); Chriswell v. Village of Oak Lawn, 2013 WL 5903417 (N.D. Ill. 2013)(Fourth Amendment false arrest claim barred where plaintiff pled guilty "to the very behavior that would have constituted probable cause for her arrest."). Accordingly, Plaintiff's Complaint will be dismissed as barred by Heck.[1]

## Motion to Amend

Plaintiff filed a "motion to amend" to add claims regarding alleged inhumane conditions of confinement at the Logan County Jail while Plaintiff was detained there pending the resolution of the criminal charges against him. These claims are not properly joined

---

[1] Even if Heck did not bar these claims, the prosecutors and judge would be immune and no federal claim for malpractice exists against public defenders or private attorneys.

in this case because they are against different Defendants and involve different transactions and occurrences. Fed. R. Civ. P. 18-20. If Plaintiff seeks to pursue these claims, he may file a motion to sever with a proposed complaint confined to the Jail conditions. Plaintiff will need to pay a new filing fee or filing a current petition to proceed in forma pauperis in the new case. The remainder of Plaintiff's motion to amend appears to regard his aggravated battery conviction or vague events which occurred in 2010 and before, which would be barred by the two-year statute of limitations. Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, section 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202).

**Motion for Preliminary Injunction**

Plaintiff asks the Court to order Defendants to stop what Plaintiff describes as harassment and retaliation in the form of multiple arrests, allegedly without probable cause. Putting aside that only the 2013 arrest is at issue in this case, Plaintiff has not met any of the requirements for warranting preliminary injunctive relief. Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, 549 F.3d 1079, 1085 (7th Cir. 2008)("[A] preliminary

injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.")(quoted cites and internal quotation marks omitted).  Plaintiff's fear of being prosecuted without probable cause is too speculative to support injunctive relief.  <u>Capeheart v. Terrell</u>, 695 F.3d 681 (7th Cir. 2012)(prospective relief not available unless the danger is "real and immediate," not "conjectural")(quoted cites omitted).

**IT IS ORDERED:**

    1)   Plaintiff's complaint is dismissed, without prejudice, as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

    2)   Plaintiff's motion to amend is construed as a motion to join claims about the conditions of Logan County Jail.  The motion is denied [7].

    3)   If Plaintiff seeks to pursue claims about the Logan County Jail, he may file a motion to sever by August 31, 2015, attaching a proposed amended complaint about the conditions at the Sangamon County Jail.  If Plaintiff does not file a motion to sever, his claims about the Jail will be dismissed, without prejudice, and this case will be closed.  If Plaintiff does file a motion to sever, a

new case will be opened and a new filing fee assessed, and then this case will be closed.

    4)    Plaintiff's motion for a preliminary injunction/temporary restraining order is denied [9].

    5)    Plaintiff's motion for status is denied as moot [6].

    6)    The clerk is directed to close this case.

    7)    If Plaintiff wishes to appeal the dismissal of his Complaint, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

ENTERED:  8/10/2015

FOR THE COURT:

                    **s/James E. Shadid**
                      JAMES E. SHADID
                      UNITED STATES DISTRICT JUDGE